THE STATE, EX REL. WILLIAM BYRON AND YETTA BYRON, RELATORS, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE, EDWARD P. REICHHELM ET AL., PARK COMMISSIONERS OF THE CITY OF BAYONNE.

Submitted July 2, 1909—Decided November 16, 1909.

Where an alternative writ of *mandamus* directs the defendants to pay to the relators the amount of a judgment entered in the Circuit Court upon an appeal from the award for lands condemned by commissioners, or to show cause for not so doing, and where the defendants' return assigns as reasons for not paying (1) that, after the entry of judgment, the condemnation proceedings were abandoned by mutual consent and the judgment vacated; (2) that an agreement of sale was then made for a less sum, which the relators have refused to perform; and (3) that since the entry of and agreement to vacate the judgment, the relators have wasted and spoiled the lands and collected rents. a motion to quash the return will be denied, it not appearing that the allegations of the return are false or frivolous or designed to embarrass or delay the remedy sought.

---

On motion to quash return to alternative writ of *mandamus.*

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the motion, *Hudspeth & Lane.*

*Contra, Elmer W. Demarest.*

The opinion of the court was delivered by

TRENCHARD, J.   This matter comes before the court upon the relators' motion to quash the defendants' return to an alternative writ of *mandamus,* which writ directs the defendants to pay to the relators the sum of $14,500, being the judgment entered in the Hudson County Circuit Court upon an appeal from the award of the commissioners in condemnation proceedings appointed to condemn certain lands of the relators in the city of Bayonne for park purposes, or to show cause to the contrary thereof and signify the reasons for not complying with the directory portion of the writ.

The defendants' return admits that they have not paid the sum of money as directed in the writ, and assigns several reasons as an excuse.

The relators move to quash the return upon the ground that it presents no legal excuse, and that it is false, frivolous and calculated to embarrass and delay the remedy sought.

As a question of pleading, merely, the rule is that a return is sufficient if it contains a full and certain answer to all the allegations expressly made in the writ, and discloses a fair legal reason why the *mandamus* should not be obeyed. *Springfield* v. *County Commissioners, 10 Pick. 59.*

There is no presumption of law or fact against a return unless it fails to answer the material allegations of the alternative writ.   But if the return be in such form that the court can see that it is false, frivolous or calculated to embarrass or delay the remedy sought, a case is made for a motion to quash in a summary way and award a peremptory writ.   It is only in such case that the extraordinary power of the court will be used to set aside the return and compel obedience. Slower and more formal methods of procedure must be used where the return offers solid defences and shows good cause

for not obeying the mandate of the writ. Where these appear the respondents are entitled to have the material facts pleaded to, and traversed, or tried by demurrer. *Gallager* v. *Board of Public Work of Jersey City,* 16 *Vroom* 465.

Three of the reasons for not obeying the writ, taken together, aver in effect—*first,* that, after the entry of judgment, the condemnation proceedings were abandoned by mutual consent and the judgment vacated; *second,* that an agreement of sale was then made between the parties for the sum of $13,000, which the relators have refused to perform, and *third,* that since the entry of and agreement to vacate the judgment and the agreement to sell, the relators have wasted and spoiled the lands and collected rents.

We think that these reasons present questions of fact which must be settled by a jury, and which cannot be determined by this court upon the present motion. We do not see that they are either false or frivolous, or that they are designed to embarrass or delay the remedy sought. On the contrary, the evidence taken upon which the writ issued, at which we may look (*Pleasantville* v. *Pleasantville Water Co.,* 47 *Vroom* 343), tends to show that the return in this respect is not sham.

We incline to think the allegations of the return referred to, if true, show good cause why the directory part of the writ has not been obeyed. But whether so or not certainly there is thus presented dubious legal questions that ought not to be decided on a motion to quash a return. *Silverthorne* v. *Warren Railroad Co.,* 4 *Vroom* 173.

The motion to quash the return will be denied, with costs.